IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

ISON JAMAAL PATTERSON,

    PLAINTIFF                       07 Civ 6725 (SHS)(JCF)
    vs                              COMPLAINT JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER DINA
MORETTI, Shield # 20780,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,

    DEFENDANTS
_____

## I.  INTRODUCTION

    1.  This litigation arises out of the Plaintiff's arrest on June 29, 2007 at or about 9:00 P.M. in the vicinity of 634 Nereid Avenue, Bronx, New York and the subsequent detention and incarceration until he was released after his arraignment in Court on June 30, 2007 at or about 9:00 P.M. at which time the Plaintiff's charges were dismissed.

    2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

    3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5. The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction. The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

6. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

8. The Plaintiff is an African American citizen and resident of the Bronxville, New York.

9. The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10. Defendants Dina Moretti, Shield # 20780, and "John Does" are New York City Police Officers and agents and employees of the City of New York. Although their actions and conduct herein described were unlawful and wrongful and

otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

11. This litigation arises out of the Plaintiff's arrest on June 29, 2007 at or about 9:00 P.M. in the vicinity of 634 Nereid Avenue, Bronx, New York.

12. The Plaintiff is a resident of Bronxville, New York.

13. The Plaintiff is twenty one [21] years of age. The Plaintiff's birth date is January 13, 1986.

14. The Plaintiff resides in Bronxville, New York.

15. The Plaintiff resides at the location with his mother, Joan Patterson, and his father, Ison Patterson, a retired Deputy Warden at the New York City operated and maintained Rikers Island Correctional Facility.

16. At present the Plaintiff is employed at the Montefiore Hospital and Medical Center in the Bronx, New York.

17. The Plaintiff has been employed at the Montefiore Hospital and Medical Center for approximately two [2] years. He is what is known as a service attendant.

18. The Plaintiff is a 2004 graduate of Yonkers High School.

19. Until the incident which gives rise to this Notice of Claim, the Plaintiff had never been arrested.

20. The incident which gives rise to this litigation commenced on June 29, 2007 when the Plaintiff was falsely arrested without probable cause in front of the residence known as 634 Nereid Avenue, Bronx, New York where he was standing with his cousin, who lives at that address, and an

acquaintance and where, together, they were taking pictures with the Plaintiff's digital camera.

21. The Plaintiff was standing at the location engaged in the activity of taking pictures and having his picture taken when plain clothes New York City Police Officers came up to the Plaintiff and arrested the Plaintiff.

22. The Plaintiff was frisked, at which time his cell telephone was taken and given to the Plaintiff's cousin, and then placed in a vehicle and thereafter transported to the 47th Precinct where he was subjected to another search in which the Plaintiff was required to take his pants down and where an officer then pulled the Plaintiff's underwear open to conduct a visual search.

23. The Plaintiff was detained at the 47th Precinct for some period of time and then transported to Bronx Central Booking.

24. The Plaintiff was detained in custody at Bronx Central Booking until he was presented in Court at an arraignment at or about 9:00 P.M. on June 30, 2007.

25. At the arraignment, the Plaintiff's charges were dismissed.

26. None of the searches of the Plaintiff resulted in the seizure of any contraband [drugs, weapons, or otherwise] since the Plaintiff did not have any drugs, weapons or any other kind of unlawful material on his possession.

27. The Plaintiff had six dollars in his possession.

28. The Plaintiff was fingerprinted as a result of his arrest.

29. The Plaintiff was accused of having engaged in a drug transaction.

30. It is believed that the Plaintiff was part of a New York City Police Department field operation which was undertaken by the police and which caused the Plaintiff to be arrested and taken into custody although the Plaintiff had not done anything which any reasonable person, including law enforcement agents, could have reasonably and

4

objectively believed to have been criminal in nature. Among the officers involved in the action was Officer Dina Moretti, Shield # 20780, who, it is believed, was the Plaintiff's arresting officer.

31. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law to justify his stop, detention, and custodial arrest or the subsequent intrusive search to which he was subjected in association with his arrest and detention and imprisonment.

32. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

33. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

34. There was no probable cause for the arrest of the Plaintiff. There was no basis, even, for a stop and detention. Furthermore, there was no basis whatsoever for the intrusive strip search to which the Plaintiff was subjected at the 47th Precinct where he was initially transported after his stop, detention, and arrest.

35. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive, unreasonable and unnecessary force in the form of his handcuffing and was otherwise subjected to intrusive and unnecessary and excessive and unreasonable searches including an intrusive search as described herein.

36. It is believed that the actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

37. Such crime offense enforcement initiative propels officers to make arrests where there is no probable cause

for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

38.  The policy and practices have a disproportionate impact on African Americans and other individuals of color as well as those who reside in communities which are populated by the poor, often times and disproportionately who are persons of color and who, because of their race, are, regularly and disproportionately and for no other reason but the race factor, singled out for stops, detentions and arrests.

39.  The Plaintiff's was unlawfully stopped, detained, and  falsely arrested and subjected to  racially discriminatory conduct and subjected to excessive and unreasonable and unnecessary force [in the form of handcuffing] and subjected to unnecessary, unreasonable and excessive searches including an unnecessary and excessive intrusive search.

40.  The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

41.  The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including the stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the assault and battery of the Plaintiff [in the form of the handcuffing and the physical actions of taking the Plaintiff into custody], and the searches  of the Plaintiff including the intrusive search of the Plaintiff and including the racially discriminatory treatment of the Plaintiff.

42.  The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

43.  The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, and psychological trauma and physical pain and suffering.

44. The Plaintiff, who had never been arrested, wants to become a law enforcement officer following in the footsteps of his father, a retired Deputy Warden at the New York City operated and maintained Rikers Island facility.

45. Because the Plaintiff now has a record of having been arrested, he is anxious and concerned and distress that such is a blot on his record that may preclude him from obtaining his desired goal of securing law enforcement employment.

46. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

47. The Plaintiff was falsely arrested and subjected to excessive, unreasonable and unnecessary detention and racially discriminatory conduct and an otherwise unlawful, unnecessary and excessive intrusive body search. Furthermore, he as not been able, yet, to secure the return of his cell telephone or the monies that he had in his possession at the time of his arrest and imprisonment.

48. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

49. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including false arrest, excessive, unnecessary, and unreasonable detention and an intrusive body search.

50. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

51. The Plaintiff has no other adequate remedy at law for the violation of his rights but through the commencement of this litigation

## V.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

52.  The Plaintiff reiterates Paragraph #'s 1 through 51 and incorporates such by reference herein.

53.  The Plaintiff was falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

54.  The Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

55.  The Plaintiff reiterates Paragraph #'s 1 through 54 and incorporates such by reference herein.

56.  The Plaintiff was falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

57.  The Plaintiff suffered injuries and damages.

### C.  THIRD CAUSE OF ACTION

58.  The Plaintiff reiterates Paragraph #'s 1 through 57 and incorporates such by reference herein.

59.  The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

60.  The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

61.  The Plaintiff reiterates Paragraph #'s 1 through 60 and incorporates such by reference herein.

62. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

63. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

64. The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66. The Plaintiff suffered injuries and damages.

### F. SIXTH CAUSE OF ACTION

67. The Plaintiff reiterates Paragraph #'s 1 through 66 and incorporates such by reference herein.

68. The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

69. The Plaintiff suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

70. The Plaintiff reiterates Paragraph #'s 1 through 69 and incorporates such by reference herein.

71. Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior</u>.

72. The Plaintiff suffered injuries and damages.

### H. EIGHTH CAUSE OF ACTION

73. The Plaintiff reiterates Paragraph #'s 1 through 72 and incorporates such by reference herein.

74. The Plaintiff was subjected to an intrusive body search in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

75. The Plaintiff suffered injuries and damages.

### I. NINTH CAUSE OF ACTION

76. The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77. The Plaintiff was subjected to intrusive body search in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

78. The Plaintiff suffered injuries and damages.

### J. TENTH CAUSE OF ACTION

79. The Plaintiff reiterates Paragraph #'s 1 through 78 and incorporates such by reference herein.

80. The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81. The Plaintiff suffered injuries and damages.

### K. ELEVENTH CAUSE OF ACTION

82. The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83. The Plaintiff was subjected to an assault and battery by the way of his physically being taken into

custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

    84.    The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a]  Invoke pendent party and pendent claim jurisdiction.

    [b]  Award appropriate compensatory and punitive damages.

    [c]  Award appropriate declaratory and injunctive relief.

    [d]  Empanel a jury.

    [e]  Award attorney's fees and costs.

    [f]  Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York  
       July 24, 2007

Respectfully submitted,

/s/ James I. Meyerson_____  
JAMES I. MEYERSON [JM 4304]  
396 Broadway-Suite # 601  
New York, New York 10013  
[212] 226-3310  
[212] 219-9412/FAX  
ATTORNEY FOR PLAINTIFF  
BY:_____