

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Barry K. Myrvold
*Special Federal Litigation*
(212) 788-9391
(212) 788-9776 (fax)
bmyrvold@law.nyc.gov

August 1, 2007

**By U.S. Mail**
Honorable Sydney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007

      Re:    Ison Jamaal Pattterson v. The City of New York, et al., 07 CV 6725 (SHS)

Your Honor:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this civil rights action alleging police misconduct. I am writing to respectfully request an extension of time from August 16, 2007 to October 16, 2007 to answer or otherwise respond to the complaint on behalf of the City of New York.[1] Counsel for the plaintiff, James Meyerson, consents to this request.

      There are several reasons for seeking this sixty-day extension of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, it is alleged that on June 29, 2007, plaintiff was falsely arrested, illegally strip searched and subjected to excessive force. Plaintiff also claims damages for racial discrimination. The charges against plaintiff were allegedly dismissed at or after the arraignment, and, as such, the records arising out of this arrest are sealed. Currently, this office is in the process of forwarding to plaintiff's

---

[1] Plaintiff's counsel advises me that the individually-named defendant identified in the caption as Police Officer Dina Moretti, Shield No. 20780, was served with the summons and complaint in this action, but, as of this date, no request for representation has been received with respect to her. Without appearing on her behalf, the City respectfully requests that, if she has been served, the same extension be granted to her in order to ensure that her defenses are not jeopardized while representation issues are being decided.

Honorable Judge Sidney H. Stein
Patterson v. NYC, et al.
August 1, 2007
Page 2

counsel for execution a consent and authorization for the release of records that may have been sealed pursuant to N. Y. Criminal Procedure Law § 160.50. The executed release is necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the plaintiff's arrest. This office is also in the process of forwarding to plaintiff's counsel for execution medical releases, which are necessary for our office to obtain the medical records, if any, pertaining to plaintiff's alleged physical injuries and treatment.

Further, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individual police officer defendant. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be extended until October 16, 2007. No previous request for an extension of time to respond to the complaint has been made in this action.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry K. Myrvold (BM6908)

cc:   James I. Meyerson, Esq.     By U.S. Mail
      *Attorney for Plaintiff*

SO ORDERED 8/8/07

SIDNEY H. STEIN
U.S.D.J.