UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ISON JAMAAL PATTERSON,

                                   Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE OFFICER DINA MORETTI,
Shield # 20780, NEW YORK CITY POLICE
OFFICERS "JOHN DOES", all of the identified and
non identified persons in their individual and in their
official capacities,

                                Defendants.

ANSWER TO COMPLAINT

07 CV 6725 (SHS)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

           Defendants, City of New York and Police Detective Dina Moretti, by their
attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for
their answer to the Complaint, dated July 24, 2007 ("Complaint"), respectfully state, upon
information and belief, as follows:

           1.   Deny the allegations set forth in paragraph "1" of the Complaint, except
admit that plaintiff purports to bring this action as stated therein.

           2.   Deny the allegations set forth in paragraph "2" of the Complaint, except
admit that plaintiff has commenced an action seeking relief as stated therein.

           3.   Deny the allegations set forth in paragraph "3" of the Complaint, except
admit that plaintiff has commenced an action seeking relief as stated therein.

           4.   Deny the allegations set forth in paragraph "4" of the Complaint, except
admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff has commenced an action seeking relief as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Moretti was on or about June 29, 2007 employed by the City as a police officer, and state that the allegations that her "actions and conduct ... were taken in and during the course of their duties and functions as ... Police Officers and as agents and employees of the City" are legal conclusions which do not require a response.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that on or about June 29, 2007, plaintiff was arrested in front of 634 Nereid Avenue, Bronx, New York.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plain clothes New York City Police Officers arrested plaintiff.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint regarding a search at the precinct, except admit that plaintiff was frisked at the scene, that plaintiff's cell phone was given to another, and that plaintiff was placed in a car and transported to the 47th Precinct.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff was detained at the precinct and then transported to a central booking facility.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that no contraband was found on plaintiff's person.

27. Admit the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff was observed engaging in a drug transaction.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Moretti was the arresting officer.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint, except admit that plaintiff was arrested on June 29, 2007.

46. The allegations set forth in paragraph "46" of the Complaint is not an averment of fact and, accordingly, requires no response.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's cell phone and monies vouchered as evidence.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "51" of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "54" of this

answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "57" of this answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "60" of this answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "63" of this answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "66" of this answer as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the

Complaint, defendants repeat the responses set forth in paragraphs "1" through "69" of this answer as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "72" of this answer as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "75" of this answer as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. In response to the allegations set forth in paragraph "79" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "78" of this answer as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat the responses set forth in paragraphs "1" through "81" of this answer as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88. Plaintiff provoked or was at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90. Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91. At all times relevant to the acts alleged in the Complaint, defendants

acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92. Defendant Moretti has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93. Plaintiff's state law claims are barred in whole or in part by reason of plaintiff's failure to comply with the applicable conditions precedent to suit.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94. Plaintiff's state law claims are barred in whole or in part by the applicable statutes of limitations.

WHEREFORE, defendants City of New York and Police Detective Dina Moretti demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
          October 16, 2007

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
CITY OF NEW YORK and DINA
MORETTI
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
Barry Myrvold

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2007, the foregoing document was filed and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

<u>By ECF:</u>
James Myerson
*Attorney for Plaintiff*
64 Fulton Street, Suite 502
New York, New York 10038
(212) 226-3310


DATED:     New York, New York
           October 16, 2007

_____
                    Barry Myrvold

Index No. 07 CV 6725 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISON JAMAAL PATTERSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

Defendants.

**ANSWER TO COMPLAINT**

***MICHAEL A. CARDOZO***

*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Barry K. Myrvold*

*Tel:  (212) 788-9391*

*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................., 2007......*

*................................................................ Esq.*

*Attorney for.....................................................*